**LIBERTY LOAN CORPORATION OF BRANDYWINE, Plaintiff Below, Appellant,**

v.

**The MAYOR AND COUNCIL OF WILMINGTON, et al., Defendants Below, Appellees.**

Supreme Court of Delaware.

Submitted: April 4, 1983.

Decided: April 29, 1983.

Paul H. Spiller (argued) of Kimmel & Spiller, Wilmington, for plaintiff below, appellant.

David J. Baldwin (argued) of Potter, Anderson & Corroon, Wilmington, for defendants below, appellees.

Before McNEILLY, HORSEY and MOORE, JJ.

PER CURIAM:

The issue confronting us in the instant appeal is whether an attachment of wages pursuant to 10 *Del.C.* § 4913 is effective where there is a prior wage attachment pursuant to 13 *Del.C.* § 516.

Conrail, the instant appellee, was served with a Writ of Attachment Fieri Facias on May 9, 1977 concerning a certain employee. Conrail refused to honor Liberty Loan's attachment on the ground that there was in effect an existing Family Court wage attachment. Liberty Loan filed suit, and Conrail moved for judgment on the pleadings. The Superior Court granted Conrail's motion for judgment on the pleadings holding that 10 *Del.C.* § 4913 precludes the attachment of wages where the wages are subject to a prior attachment pursuant to 13 *Del.C.* § 516.

The relevant statutory sections provide in pertinent part:

10 *Del.C.* § 4913:

(a) Eighty-five percent of the amount of the wages for labor or service of any person residing within the State shall be exempt from mesne attachment process and execution attachment process under the laws of this State; but such limitation shall be inapplicable to process issued for the collection of a fine or costs or taxes due and owing the State.

(b) On any amount of wages due, only 1 attachment may be made. Any creditor causing such attachment to be made shall have the benefit of his priority until the judgment with costs for which the attachment was made has been paid in full.

13 *Del.C.* § 516:

(a) If the Court, after notice to defendant and a hearing on a rule to show cause, concludes that the defendant has violated the terms of an order of support for a spouse or child, it may punish such defendant for contempt and may attach the defendant's wages.

(b) An attachment made pursuant to this section shall not be subject to the exemptions or limitations contained in § 4913 of Title 10.

Our reading of the above statutes finds us in agreement with the Superior Court that the plain language of § 4913(b) precludes an attachment of wages where there is an existing attachment pursuant to § 516. The language of § 4913(b) could be no plainer when it states "... only 1 attachment may be made". The limitations and exemptions' terminology of § 516 is applicable only to Family Court ordered attachments. Thus, only a subsequent Family Court ordered attachment is exempt from the one attachment limitation of § 4913(b). Plaintiff's argument that the wife and children receiving support payments pursuant to a Family Court order are not creditors within the meaning of § 4913 is simply incorrect. For purposes of § 4913 support obligees under § 516 are creditors.

For the above stated reasons, the judgment of the Superior Court is

\*　　\*　　\*

AFFIRMED.